| | | |
|---|---|---|
| ROBERT HOUSE, JR., | ) | |
| | ) | |
| PLAINTIFF, | ) | No. 15 C 2718 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| ILLINOIS BELL TELEPHONE | ) | |
| COMPANY D/B/A AT&T ILLINOIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 1, 2015, the Court instructed the parties in this matter to brief their respective positions on the scope of House's Illinois Minimum Wage Law ("IMWL") claim. R. 36 at 2, n. 1. Having reviewed the parties' position papers, R. 39 and R. 44, and for the reasons set forth below, the Court finds that for statute of limitations purposes, all of House's IMWL claims, whether for pre-shift, lunch break, or post-shift overtime pay, date back no more than three years from the filing of *Tinoco v. Illinois Bell Telephone Company* on February 28, 2014, to February 28, 2011.

### Background

On January 17, 2011, *Blakes v. AT&T Corporation* ("*Blakes*"), 11-cv-336 (N.D. Ill.), was filed in this district as a proposed collective action. *Id.*, R. 1. The original complaint in *Blakes* included a claim under the IMWL for unpaid overtime wages accrued over the plaintiffs' mandatory lunch breaks and after their work shifts had

ended. *Id.* ¶¶ 51-56. Shortly thereafter, on February 9, 2011, Illinois Bell was substituted as the proper defendant in the matter. *See id.*, R. 11 (Amended Complaint); R. 18 (Stipulation to Dismiss AT&T). The case was conditionally certified as a collective action on June 15, 2011. *Id.*, R. 56. On July 14, 2011, the original plaintiffs voluntarily dismissed their IMWL claims with prejudice, agreeing to proceed only on their overtime claims under the Fair Labor Standards Act ("FLSA"). *Id.* R. 60. House and thousands of other potential plaintiffs were then notified of their opt-in rights. *See* R. 9-1. House executed his consent to join the *Blakes* FLSA collective action on August 5, 2011. *Blakes*, R. 81-1 at 4.

More than two years later, after the close of discovery and extensive motion practice, the conditionally certified lunch break claims were found to be too individualized and dissimilar for collective treatment. *Id.*, R. 233. Upon entry of an order decertifying those claims, various of the *Blakes* plaintiffs joined on February 28, 2014 in filing *Tinoco v. Illinois Bell Telephone Company* ("*Tinoco*"), 14-cv-1456 (N.D. Ill.). *Tinoco* asserted the decertified FLSA lunch break claims as well FLSA claims for other unpaid overtime that were not previously pled and, in fact, were expressly excluded from discovery and litigation in *Blakes*. *See Tinoco*, R. 1 (Joint Complaint for Damages); *Blakes*, R. 233 at 20-25 (carefully circumscribing the scope of the conditionally certified collective action claims, detailing a protective order excluding additional theories of recovery and class membership, and noting that despite entry of the protective order, the plaintiffs never sought to modify the conditionally certified claims by amending their complaint). On a finding that the

*Tinoco* plaintiffs were misjoined, their claims were ordered severed. *Id.*, R. 147. This action brought by House and dozens of other individual actions followed.

In his complaint, House asserts claims under FLSA and IMWL.[1] The Court has already held that the pendency of *Blakes* tolled House's FLSA lunch break claims to the extent those claims were conditionally certified for collective treatment. The question now before the Court is whether any of the IMWL claims were also tolled.

## Discussion

There is no dispute that the IMWL carries a three year statute of limitations for private actions. 820 ILCS 105/12(a). Nor is there any dispute that the elements of an IMWL overtime claim parallel those required to sustain a claim under FLSA. *See DeMarco v. Nw. Mem'l Healthcare*, 2011 WL 3510896, at *3 (N.D. Ill. Aug. 10, 2011) (citing state and federal authority for the proposition that the IMWL and FLSA overtime provisions are coextensive). However, unlike the FLSA, the IMWL permits recovery of monthly-compounding statutory damages. *See* 820 ILCS 105/12(a).

House argues simply that because Illinois Bell was on notice of the factual underpinnings of his conditionally certified FLSA lunch break claims, it was likewise on notice of his factually identical claims under the IMWL. R. 39 at 1.

---

[1] House also pled a claim under the Illinois Wage Payment and Collection Act ("IWPCA"). The Court dismissed the IWPCA claim without prejudice on December 1, 2015, allowing House fourteen days to replead if he could identify an actionable employment agreement upon which the claim could plausibly be predicated. R. 36 at 12. The period of leave expired and no amended complaint was filed. Accordingly, that claim is dismissed with prejudice.

Thus, House contends, "the statute of limitations on his IMWL action should be tolled to the same extent as his FLSA action." *Id*. Illinois Bell disagrees, arguing that even though House's IMWL and FLSA claims share a factual predicate, the voluntary dismissal with prejudice of the IMWL claims from *Blakes* put House on notice that the collective action was not pursuing monthly compounding statutory damages under state law. R. 44 at 4. Therefore, Illinois Bell argues, "Plaintiff cannot rely on his opting into a conditionally certified FLSA collective action to equitably toll his IMWL claims." *Id*. at 3. The Court agrees with Illinois Bell.

In support of his position arguing coextensive tolling, House refers the Court to three district court decisions in other severed *Tinoco* cases considering the plaintiffs' FLSA and IMWL claims in parallel. None of these cases mention, much less analyze the procedural significance of the voluntary dismissal with prejudice of the IMWL claims from *Blakes*. *See Ballard v. Ill. Bell Tel. Co.*, 2015 WL 6407574 (N.D. Ill. Oct. 21, 2015) (considering all of the plaintiff's unpaid overtime claims together without reference to the voluntary dismissal of the IMWL claims); *Wiggins v. Ill. Bell Tel. Co.*, 2015 WL 6408122 (N.D. Ill. Oct. 22, 2015) (neither acknowledging the dismissal of the IMWL claims in setting forth the procedural history of the case nor considering its impact on the FLSA claim tolling analysis); *Alphonse v. Ill. Bell Tel. Co.*, 2015 WL 7251953, at *2, fn 2 (N.D. Ill. Nov. 17, 2015) (acknowledging that *Blakes* did not allege violations of the IMWL, but failing to consider that those claims were voluntarily dismissed from the suit with prejudice). Because the Court considers the stipulated dismissal of the IMWL claims central to

its tolling analysis, it is not persuaded by the IMWL rulings in the cases House cites.

Of course, the Court acknowledges that in taking this position, it joins a very small minority in the district. In just the two months since this issue was briefed, various other district courts have held that plaintiffs' FLSA and IMWL claims should be tolled or relate-back coextensively. *See, e.g., Pavur v. Ill. Bell Tel. Co.*, 2016 WL 278886, at *3 (N.D. Ill. Jan. 21, 2016) (considering the FLSA and IMWL claims together without reference to the stipulated dismissal of the IMWL claims from *Blakes*); *Brown v. Ill. Bell Tel. Co.*, 2016 WL 212939, at *2-5 (Jan. 19, 2016) (same); *Jones v. Ill. Bell. Tel. Co.*, 2015 WL 9268418 (Dec. 21, 2015) (same).

Indeed, only one district court has analyzed FLSA and IMWL claims separately. *Malkowski v. Ill. Bell Tel. Co.*, 2016 WL 193399, *5 (N.D. Ill. Jan. 15, 2016). In *Malkowski*, the court considered that it was possible that the IMWL claims pled in the original complaint may have been tolled during the period they remained pending—that is, until they were voluntarily dismissed. *Id.* Even if this were the case, however, the court held that the statute of limitation on those claims began to run when the stipulated dismissal was entered, and thus expired before *Tinoco* was filed. *Id.* ("Even if the limitations period was tolled for approximately six months while the IMWL claims were pending in *Blakes*, by the time [the plaintiff] brought his IMWL claims in *Tinoco* on February 28, 2014, the limitations period had run."). The Court finds this logic persuasive and consistent with Seventh Circuit precedent interpreting the impact of voluntary dismissals on the running of

limitations periods. *See, e.g., Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (explaining that filing a voluntary stipulation to dismiss pursuant to Rule 41(a) immediately triggers the applicable statute of limitations).

What is more, a consistent feature of all of the district court statute of limitations rulings in the severed *Tinoco* cases is their concern with notice to the defendant. *See, e.g., Brown*, 2016 WL 212939, at *4 (considering whether the original complaint put the defendant on sufficient notice of the nature and scope of the claim such that it should not be surprised by the later amplification of the allegations); *Jones*, 2015 WL 9268418, at *2 (noting that "the main concern is notice to the defendant"); *Alphonse*, 2015 WL 7251953, at *1 ("Whether viewed through the lens of Rule 15 relation-back doctrine or through the tolling principles governing Rule 23 actions, the inquiry is functionally the same: Was defendant sufficiently on notice of plaintiff's claim?"). In the Court's view, Illinois Bell was decidedly *not* on notice of the *Blakes* plaintiffs' intention to seek compounding statutory damages dating back to 2008. Quite to the contrary. Because the original plaintiffs decided to dismiss with prejudice their claims for statutory damages, it seems an unfair surprise to now amplify the damages sought to include those voluntarily abandoned in July 2011. Nothing required the named plaintiffs in *Blakes* to forgo their rights under the IMWL. Indeed, this Court recently certified a combined class action and collective action simultaneously seeking damages under both the IMWL and FLSA. *See Gomez v. PNC Bank*, 306 F.R.D. 156 (N.D. Ill. 2014), *aff'd Bell v. PNC Bank, Nat. Assn.*, 800 F.3d 360 (7th Cir. 2015). But a strategic decision was made in

*Blakes* to voluntarily dismiss the IMWL claims with prejudice, and House opted-in to the collective action once compounding statutory damages were categorically off the table. Thus, the *Blakes* action could not have put Illinois Bell on notice of House's IMWL claims dating back to 2008.

Furthermore, Illinois Bell correctly notes that because the IMWL claim was voluntarily abandoned only by the originally named plaintiffs in *Blakes*, nothing prevented House or any other opt-in plaintiff from bringing an individual IMWL claim in state court. R. 44 at 3; *see also McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 578 (N.D. Ill. 2004) (noting that members of an FLSA collective action certified in federal court "are free to pursue their state claims in state court and thus take full advantage of the longer limitations period"). But House never took any steps in state court to preserve his right to compounding statutory damages. Instead, he opted-in to an FLSA collective action in which the plaintiffs had already determined not to pursue those damages. He first advances his IMWL claims here. Accordingly, they date back three years from filing of this suit.

## Conclusion

For the foregoing reasons, Illinois Bell's motion to dismiss House's IMWL claim is granted in part and denied in part. House may seek compounding statutory damages under the IMWL dating back three years from the filing of this individual action, to February 28, 2011.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: February 26, 2016